UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAHZY A. BUCK,

    Plaintiff,

v.

THOMAS COOLEY LAW SCHOOL,

    Defendant.

_____/

Case No. 1:07-cv-1230

HON. JANET T. NEFF

## **OPINION**

    Plaintiff Nahzy A. Buck is a former student at Defendant Thomas M. Cooley Law School. Plaintiff filed this action in federal court seeking relief related to her academic dismissal from law school in January of 2006, after plaintiff's prior state-court action involving her 2001 academic dismissal was decided in favor of defendant. Plaintiff's 91-page federal complaint alleges seven counts pertaining to her court-ordered enrollment in law school during the pendency of her state case: Count 1, Hostile Learning Environment Discrimination (Americans with Disabilities Act [ADA] Title III), 42 U.S.C. § 12101 *et seq.*; Count 2, Disability Discrimination (ADA Title III), 42 U.S.C. § 12182(a); Count 3, Interference and Intimidation (ADA Title V), 42 U.S.C. § 12203(b); Count 4, Retaliation (ADA Title V), 42 U.S.C. § 12203(a); Count 5, Retaliation, Michigan's Persons with Disabilities Civil Rights Act[1] (PWDCRA), MICH. COMP. LAWS § 37.1102; Count 6, Breach of Contract; and Count 7 (Punitive Damages), 42 U.S.C. § 12188.

---

[1] MICH. COMP. LAWS § 37.1101 *et seq.*, formerly known as the "Handicappers' Civil Right Act."

Pending now before the Court is Defendant Thomas M. Cooley Law School's Motion to Dismiss (Dkt 5). Plaintiff has filed a Response (Dkt 6), and defendant has filed a Reply (Dkt 7). This motion is being decided without oral argument. *See* W.D. Mich. LCivR 7.2(d).

The Court has carefully considered the parties' briefs and the recent supplemental authority filed by plaintiff (Dkt 9). For the reasons that follow, the Court grants defendant's Motion to Dismiss.

## I. Background

Plaintiff was a student at Thomas M. Cooley Law School from May 2000 until June 6, 2001, when she was dismissed for failing to meet the school's academic standards.[2] Plaintiff was denied admission as a restart student.

On April 12, 2002, plaintiff filed a lawsuit against defendant in state court, alleging that defendant had failed to recognize and accommodate her learning disability. Plaintiff's state-court complaint alleged four counts: Count 1, Violation of Fiduciary Duty; Count 2, Violation of Michigan Consumer Protection Act; Count 3, Violation of Michigan Handicapper's Civil Rights Act, MICH. COMP. LAWS § 37.1402(B) [PWDCRA]; and Count 4, Violation of Plaintiff's Constitutional Due Process Rights.

After commencing her lawsuit in state court, plaintiff sought, and on April 15, 2002, was granted an *ex parte* Temporary Restraining Order (TRO), requiring defendant to permit plaintiff to reenroll in law school and attend classes as are offered to any other similarly-situated law student

---

[2] Plaintiff was on academic probation for her first two terms because her grade point average for each term was below the required 2.00 average. During plaintiff's third term, she was diagnosed with a learning disorder and granted an accommodation by defendant, permitting her double time for taking examinations. Despite the accommodation, plaintiff did not meet the required grade point average at the end of her third term and was dismissed.

(Pl. Resp. Br., Ex. E). Plaintiff thereafter continued her enrollment in law school (based on the TRO) during the pendency of her state court lawsuit until she was again dismissed in March 2006 for academic reasons, without being conferred a law degree despite that she had acquired 88 of 90 credits.

It is defendant's alleged conduct related to plaintiff's court-ordered enrollment that is at issue in the instant federal action. Although plaintiff's state court lawsuit concluded with the dismissal of all claims against defendant by decision of the Michigan Court of Appeals on June 20, 2006,[3] *Buck v. Thomas M. Cooley Law Sch.,* 725 N.W.2d 485 (Mich. Ct. App. 2006), plaintiff has based her second lawsuit on allegations of retaliation and wrongful dismissal against defendant for having denied plaintiff her Juris Doctor degree (Pl. Resp. Br. 2). Defendant has moved for dismissal of plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that plaintiff's claims are barred by collateral estoppel and res judicata.

## II. Legal Standard

In deciding a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). "A claim survives this motion where its '[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.'" *Zaluski v. United Am. Healthcare Corp.,* 527 F.3d 564, 570 (6th Cir. 2008) (quoting *Bell Atl. Corp. v.*

---

[3] Plaintiff's application for leave to appeal the Court of Appeals decision to the Michigan Supreme Court was denied. *Buck v. Thomas M. Cooley Law Sch.,* 723 N.W.2d 858 (Mich. 2006).

*Twombly,* 550 U.S. 544; 127 S. Ct. 1955, 1959 (2007)).  Stated differently, the complaint must present "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S. Ct. at 1974.[4]  Dismissal under Rule 12(b)(6) is properly granted if the claims alleged are barred by res judicata.  *Amadasu v. Christ Hosp.,* 514 F.3d 504, 507 (6th Cir. 2008).

"[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."  *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335 (2007) (citing FED. R. CIV. P. 10(c)).  Also, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment."  *Id*. at 336.

### III.  Discussion

Defendant premises its motion for dismissal on two primary, essentially independent, arguments.  First, defendant argues that plaintiff's claims fail because she cannot show that any alleged acts by defendant *caused* her alleged harm.  Second, defendant argues that plaintiff's claims in Counts 1 through 5 are barred by res judicata and collateral estoppel.  The Court concludes that defendant is entitled to dismissal on both grounds.  The Court also concurs with defendant's additional argument that Count 6, plaintiff's breach of contract claim, is without basis and, therefore, is properly dismissed.

---

[4] Because *Twombly* considered a Rule 12(b)(6) motion in the context of federal antitrust litigation, the courts are not universal in applying the standard to cases that do not involve antitrust claims.  *Delta Turner v. Grand Rapids - Kent County Convention/Arena Authority,* Case No. 1:08-cv-544, 2009 U.S. Dist. LEXIS 6784 at *7 n.1 (W.D. Mich. January 30, 2009) (citing *Total Benefits Planning Agency, Inc. v. Anthem BCBS,* 552 F.3d 430, 434 n.2 (2008)).  Regardless, the Court finds no distinction that would alter the disposition with respect to the claims in this case.

A.  *Causation*

Defendant initially argues that plaintiff cannot succeed on any theory of liability alleged in the instant action because she cannot show a causal relationship between the harm she seeks to remedy and the alleged discrimination and retaliation (during her court-ordered reenrollment), given the state courts' determination that her dismissal by defendant in June 2001 was proper.  Defendant asserts that the state court judgment conclusively establishes that plaintiff was not entitled to be a student at Cooley Law School, let alone graduate, and that collateral estoppel precludes plaintiff from arguing otherwise.  Defendant argues that since plaintiff's right to be a student was properly terminated in June 2001, defendant had no obligation to confer a law degree upon plaintiff.  Thus, plaintiff cannot show that any act of discrimination or retaliation caused the denial of her degree.

In response, plaintiff contends that defendant's argument is a technical defense that cannot withstand scrutiny.  Plaintiff argues that whether a court order is later determined to be erroneous is immaterial to defendant's obligations, and that plaintiff's civil rights remained inviolable (Pl. Resp. Br. 10).

Defendant's causation argument is logical from a factual standpoint.  It stands to reason that since plaintiff was properly dismissed in June 2001 for academic reasons, as determined by the circuit court and the Michigan Court of Appeals, plaintiff was not entitled to continued enrollment to secure a law degree from Cooley Law School.  Moreover, plaintiff was dismissed a second time for failure to meet Cooley Law School's minimal academic standards in March 2006.  That plaintiff had acquired 88 of 90 credits required for graduation is unfortunate, but not necessarily relevant to plaintiff's legal claims.

Likewise, defendant's argument withstands scrutiny from a legal standpoint. The state courts found no legally cognizable claim against defendant related to her first period of enrollment at Cooley Law School. Since plaintiff's 2001 dismissal was proper, and her second enrollment emanated from the TRO, she had no entitlement to enrollment once the TRO was no longer of any legal effect, absent a further ruling of the Michigan courts, which plaintiff did not seek. Regardless of any other relief that plaintiff may seek for alleged discrimination and retaliation, she would not be entitled to take the additional classes or acquire the remaining credits necessary to graduate. Thus, this Court fails to find any legal grounds for the ultimate relief sought by plaintiff, which is conferral of a Juris Doctor degree. Plaintiff would not be entitled to reinstatement of enrollment for a dismissal that was proper and upheld by the state courts. Accordingly, plaintiff's claims fail in the first instance because she cannot show that defendant *caused* the injury that she seeks to remedy.

"'An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination.'" *Yinger v. City of Dearborn,* Case No. 96-2384, 1997 WL 735323 at *5 n.3 (6th Cir. November 18, 1997) (unpublished table decision) (quoting *Lever v. Northwestern Univ.,* 979 F.2d 552, 556 (7th Cir. 1992). Logically then, an employer's refusal to undo a *nondiscriminatory* decision cannot be a fresh act of discrimination. Under the same reasoning, defendant's refusal to undo plaintiff's nondiscriminatory dismissal in June 2001 is not a basis for a claim of discrimination or retaliation.

B.  *Res Judicata and Collateral Estoppel*

As noted at the outset of this opinion, this is the second lawsuit plaintiff has brought against defendant stemming from her enrollment as a law student at Cooley Law School. Plaintiff

previously filed suit in Ingham Circuit Court alleging four claims related to her academic dismissal in 2001: (1) Violation of Fiduciary Duty; (2) Violation of the Michigan Consumer Protection Act; (3) Violation of Michigan Handicapper's Civil Rights Act, MICH. COMP. LAWS § 37.1402(B) [PWDCRA]; and (4) Violation of Plaintiff's Constitutional Due Process Rights. Defendant moved for summary disposition of all counts of plaintiff's state court complaint. Plaintiff stipulated to the dismissal of Count 4 (violation of due process), and the trial court granted dismissal of plaintiff's remaining claims, except plaintiff's claim under the PWDCRA. *Buck,* 725 N.W.2d at 488. The Michigan Court of Appeals granted defendant leave to appeal the trial court's order denying defendant's motion for dismissal of plaintiff's PWDCRA claim. *Id.* at 486. In a decision issued June 20, 2006, the Michigan Court of Appeals reversed the Ingham Circuit Court's decision and remanded the case for entry of an order granting defendant's motion for summary disposition.

During the course of her state court lawsuit against defendant, on March 4, 2005, plaintiff filed a motion for leave to file a supplemental complaint (Pl. Resp. Br. 5, Ex. H).[5] Plaintiff sought to expand her claim under the PWDCRA based on numerous acts of prohibited conduct by defendant since the filing of her original complaint, i.e., during her court-ordered reenrollment at Cooley Law School (*id.*). Plaintiff alleged seventeen specific incidents of prohibited conduct, sixteen of which concerned defendant's repeated refusal to honor the court's TRO in 2002 (Pl. Resp. Br. 5, Ex. H). Following a hearing on March 30, 2005, the circuit court granted plaintiff's motion to supplement her complaint as to the sixteen acts, but not the seventeenth (a bad grade in a 2004

---

[5] The parties have filed numerous exhibits to their briefs on the motion to dismiss in this Court. There is no dispute that this Court may consider these documents as matters of public record in deciding the instant motion without converting the motion to one for summary judgment. *See Commercial Money Ctr.,* 508 F.3d at 335-36.

class) (Pl. Resp. Br. 5). Plaintiff filed her supplemental complaint on April 25, 2005 (Pl. Resp. Br., Ex. J).

Plaintiff did not appeal the trial court's decision limiting the amendment of her complaint. Nor did plaintiff appeal any other orders of the circuit court or file a cross-appeal when defendant appealed the court's denial of defendant's motion to dismiss plaintiff's PWDCRA claim.

Defendant contends that plaintiff's prior litigation in state court and her failure to appeal any decisions of the circuit court warrant dismissal of this case because plaintiff's instant claims are barred under principles of res judicata and collateral estoppel. It is well-settled that when a prior judgment has been entered in state court, that judgment is entitled to the same preclusive effect that it would receive under the law of the state in which it was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984); *Young v. Twp. of Green Oak,* 471 F.3d 674, 680 (6th Cir. 2006). Likewise, the state's law of collateral estoppel will be consulted to determine issue preclusion. *McKinley v. City of Mansfield,* 404 F.3d 418, 428 (6th Cir. 2005).

1. *Counts 1 through 5*

Defendant argues that Counts 1 through 5 of plaintiff's instant federal complaint are barred by res judicata and collateral estoppel. Defendant asserts that the state court had concurrent jurisdiction to consider these federal claims, but plaintiff chose not to include the claims in the state court action. Defendant also asserts that at the time of plaintiff's second dismissal from Cooley Law School, the state litigation was still pending, yet plaintiff made no complaint to the circuit court that this dismissal constituted a violation of the PWDCRA, the ADA or even the TRO pursuant to which she had been attending classes. Defendant argues that given these circumstances, plaintiff's claims in Counts 1 through 5 are barred by res judicata and collateral estoppel.

Plaintiff responds that her state and federal court actions arise from her two separate periods of enrollment at Cooley Law School. She asserts that her federal suit relies on *new facts* and *new legal theories* in support of her *new claims* (Pl. Resp. Br. 2). Plaintiff concedes that some facts in her new complaint are identical to facts pled in her state court case, but she asserts that these allegations are only to provide a comprehensive background to the events that transpired during her second enrollment (Pl. Resp. Br. 12).

Plaintiff attempts to distinguish her first (state-court) "cause of action" as principally a "Misleading/Misdiagnosis Claim" and an "Accommodation Claim" based on the court's characterization in *Buck,* 725 N.W.2d at 488-91(Pl. Resp. Br. 4). Plaintiff contends that her new claims have never been litigated.

"The doctrine of res judicata bars a successive action in Michigan if '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Young,* 471 F.3d at 680 (quoting *Adair v. Michigan*, 680 N.W.2d 386, 397 (Mich. 2004). "If the three elements are established, then res judicata serves to bar 'every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.'" *Id.* (quoting *Adair,* 680 N.W.2d at 397).

It is undisputed that the first and second elements are met in this case. The issue is whether the matters now raised by plaintiff could have been resolved in the state court action. Given the facts and circumstances presented, the Court concludes that plaintiff's claims are barred by principles of res judicata.

Plaintiff argues that her claims in this lawsuit are based on new facts and new theories. However, both lawsuits are premised on the same underlying occurrence—plaintiff's enrollment as

9

a law student at Cooley Law School. And although plaintiff insists that her lawsuits involve two factually distinct periods of enrollment at Cooley, this Court finds any such distinction merely arbitrary. Plaintiff's second period of court-ordered enrollment occurred during the course of her state-court litigation. For purposes of her action against defendant, her second enrollment was essentially a continuation of her initial enrollment.

"'Michigan has adopted the 'broad' application of res judicata, which bars claims arising out the same transaction or that plaintiff could have brought but did not, as well as those questions that were actually litigated.'" *Yinger*, 1997 WL 735323 at *5 (quoting *Jones v. State Farm Auto. Ins. Co.,* 509 N.W.2d 829, 834 (Mich. Ct. App. 1993)); *see also Young,* 471 F.3d at 680. Michigan's broad application of res judicata does not permit such artificial distinctions as those argued by plaintiff to avoid the preclusive effects of prior litigation:

> [R]es judicata extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). The test for determining whether two claims stem from the same transaction and, for purposes of res judicata, are identical is whether "the same facts or evidence are essential to the maintenance of the two actions." *Jones,* 509 N.W.2d at 834.

*Yinger*, 1997 WL 735323 at *5.

Plaintiff states that the relationship between her new claims and her old claims is clear and simple: plaintiff's state action was a lawful "protected activity" in which plaintiff engaged and, as a result of which, she experienced adverse consequences (Pl. Resp. Br. 2, 7). However, the heart of plaintiff's claims in each lawsuit is defendant's discrimination against plaintiff culminating in her dismissal from law school. And although plaintiff complains that the harm she seeks to remedy in this suit is distinct from the injury she sought to remedy in her state lawsuit, "'a discrimination claim

10

accrues when the operative decision is made, not when [a plaintiff] experiences the consequences of that decision.'" *Young,* 471 F.3d at 680 (citing *Yinger*, 1997 WL 735323 at *4).

The ADA claims presented in this case are based on substantially the same conduct that plaintiff complained of in her state court litigation. Plaintiff sought to add similar claims to her state litigation by amending her complaint. At the hearing on plaintiff's motion to amend her complaint in her state lawsuit, which was held on March 30, 2005, plaintiff argued that since the filing of her original complaint, defendant had engaged in acts of retaliation against her (Pl. Resp. Br., Ex. I, 3/30/05 Tr. 4, 6, 15). Although not all the current alleged specific instances of prohibited conduct cited in this lawsuit were necessarily known at the time of her previous suit, the gist of plaintiff's supplemental claims was apparent. Plaintiff could have raised her new ADA theories in her prior litigation, but did not. For that reason, under Michigan law, plaintiff's claims are precluded on the basis of res judicata. Plaintiff's supplemental authority involving more recent application of Michigan law does not change this Court's conclusions.

Plaintiff nonetheless argues that res judicata is not to be rigidly applied, and that its application must be qualified or rejected when its use would contravene an overriding public policy or result in manifest injustice, citing *Storey v. Meijer, Inc.,* 429 N.W.2d 169, 173 n.9 (Mich. 1988). However, the Court finds no such circumstances in this case. Plaintiff had the opportunity to fully litigate her previous claims against defendant. Although she may point to additional facts in support of her new claims, the controlling facts in this case have not changed significantly. Further, as defendant points out, to the extent that the trial court denied plaintiff's request to supplement her complaint and granted defendant's motion to dismiss plaintiff's claims, plaintiff failed to appeal those decisions.

### 2. *Count 6, Breach of Contract*

Defendant argues that plaintiff's breach of contract claim and any related due process claim arising out of plaintiff's enrollment cannot be maintained because plaintiff is collaterally estopped from denying that she was properly dismissed from the law school in June 2001. This Court agrees.

The Court finds no basis for plaintiff's breach of contract claim, given the Michigan state courts' dismissal of plaintiff's claims concerning her June 2001 dismissal and the Michigan Court of Appeals indication that the TRO ordering the second enrollment was improper. Plaintiff's breach of contract claim is therefore properly dismissed.

### IV. Conclusion

For the reasons stated above, defendant's Motion to Dismiss plaintiff's complaint is granted.

A Judgment consistent with this Opinion shall enter.

DATED: March 18, 2009              /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAHZY A. BUCK,

       Plaintiff,                           Case No. 1:07-cv-1230

v.                                           HON. JANET T. NEFF

THOMAS COOLEY LAW SCHOOL,

       Defendant.
_____/

## JUDGMENT

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Defendant's Thomas M. Cooley Law School's Motion to Dismiss (Dkt 5) is GRANTED.

**IT IS FURTHER ORDERED** that this Judgment resolves all pending claims in this case, and therefore, the action is TERMINATED.


DATED: March 18, 2009                    /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge